**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE TAYLOR, on Behalf of Herself and all Others Similarly Situated,<br><br>                       Plaintiff,<br>           v.<br><br>WORLD HEALING CENTER CHURCH, INC., and TOUFIK BENEDICTUS HINN,<br><br>                       Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Jeanette Taylor ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Defendant Toufik Benedictus Hinn is a televangelist best known for his "Miracle Crusade" events, where Mr. Hinn allegedly performs miracles to heal sick participants. Mr. Hinn claims he has an "anointing power" that was given to him by god to carry out supernatural acts. His crusade events are often held in stadiums in major cities, and later broadcast worldwide on his television program, *This is Your Day*.

2. Mr. Hinn's corporation, Defendant World Healing Center Church, Inc. d/b/a Benny Hinn Ministries ("Benny Hinn Ministries"), frequently solicits donations from the public online and through the use of telemarking. Controversy surrounds both Mr. Hinn's theological claims, as well as Mr. Hinn's suspected personal profit from donations made to his ministry. He has been investigated by the United States Senate Committee on Finance, Ministry Watch, NBC, CBS, HBO, and the Los Angeles Times.

3. For a period of roughly six months between 2015 and 2016, Defendants made dozens of unsolicited and harassing calls to Plaintiff on her cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice. Plaintiff did not give Defendants prior express written consent to make these calls.

4. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an autodialer and/or artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

5. Plaintiff Jeanette Taylor is, and at all times mentioned herein was, a resident of, Sacramento, California and a citizen of the State of California.

CLASS ACTION COMPLAINT                                                                 1

6. Defendant World Healing Center Church, Inc. d/b/a Benny Hinn Ministries is a Florida corporation with its principal place of business located at 3400 William D. Tate Avenue, Grapevine, Texas, 76051.

7. Defendant Toufik Benedictus Hinn is a resident of Orange County, California, and the owner, operator, and alter-ego of World Healing Center Church, Inc. and Benny Hinn Ministries. These entities are shell corporations established by Hinn as a means to commit willful torts for his own personal gain. In 2007, the United States Senate Committee on Finance investigated Mr. Hinn, raising questions about his personal use of church-owned luxury good and a lack of financial oversight on the board of Benny Hinn Ministries, which is populated with Mr. Hinn's family and friends.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

9. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of federal statute, the TCPA.

10. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District, Plaintiff resides within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A.    The Telephone Consumer Protection Act Of 1991**

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

13. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

14. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.    Defendants' Robocalls to Plaintiff and Class Members**

15. Since August 2015, Defendants have called Ms. Taylor's cellular telephone at least 50 times using an automatic telephone dialing system and/or artificial or prerecorded voice.  Each time Ms Taylor picked up the telephone she would hear a prerecorded message and was not actually connected to a live person.

16. The following chart details three of the robocalls Defendants made to Ms. Taylor:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 2/19/16 | 11:36 AM | (800) 725-6570 |
| 2/22/16 | 10:33 AM | (800) 725-6570 |
| 2/23/16 | 9:56 AM | (800) 725-6570 |

17. Ms. Taylor has never consented in writing, or otherwise, to receive these autodialed telephone calls from Defendants.

18. Ms. Taylor had never had any contact with Defendants prior to the telephone calls at issue in this Complaint.

19. Defendants have called Ms. Taylor from several difference phone numbers in an attempt to disguise the identity of the caller.

CLASS ACTION COMPLAINT                                                                                                        3

20. Online consumer complaints regarding Defendants' unsolicited robocalls and autodialed calls are abundant:

- "We continue to get calls from this Benny Hinn Ministries. We are on the do not call list and have never done any business with this organization. They continue to call all hours of the day and night."[1]

- "We got this call also. We ARE on the do not call list and have never had any contact with this "ministry" before."[2]

- "I get calls from 8007256570 constantly. If this is Benny Hinn, I want it to stop. I have never been involved with that group or in any contact with them whatsoever."[3]

- "I too am tired of receiving these call from Benny. They call morning and night, several times a day. How do we stop these calls?!?!?!?!?!?!"[4]

- "A pre-recorded message. A religious scam. Hinn is NOT a non-profit."[5]

- "Showed up as "UNKNOWN" but clearly automated dialer. Hung up immediately!"[6]

- "Benny Hinn Ministries has called us 3 times daily for nearly 2 weeks now. Same (800)725-6570 number calls every time. Sometimes they leave 1 minute long message on machine, sometimes they just hang up."[7]

- "I receive a call at least three times a week from these people."[8]

- "I received two automated calls from this number this week. (I guess my unpublished, unlisted phone # was "picked" anyways) I never answer unknown phone numbers but instead let my answering machine do the talking."[9]

- "I received a call at least three times a week from these people."[10]

- "Benny Hinn ministries, have asked for months not to call me."[11]

**CLASS ACTION ALLEGATIONS**

21. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

---

[1] http://whocallsme.com/Phone-Number.aspx/8007256570
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] http://800notes.com/Phone.aspx/1-800-725-6570
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] http://www.callercomplaints.com/SearchResult.aspx?Phone=800-725-6570

CLASS ACTION COMPLAINT                    4

22. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

23. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

24. Plaintiff also proposes the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

25. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

26. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

27. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

28. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendants.

29. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendants made telephone calls to class members using an automatic telephone dialing system;

    c. Whether Defendants' conduct was knowing and/or willful;

    d. Whether Defendants are liable for damages, and the amount of such damages, and

    e. Whether Defendants should be enjoined from engaging in such conduct in the future.

30. As a person who received numerous and repeated calls on her telephone through the use of an autodialer and/or artificial or prerecorded voice, without her prior express written consent, Plaintiff asserts claims that are typical of each member of the proposed classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

CLASS ACTION COMPLAINT     6

31. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

32. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the proposed classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

33. Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

36. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

38. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

41. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

43. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

CLASS ACTION COMPLAINT                                                                                                  8

  c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

  d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

  e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

  f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: April 27, 2016      Respectfully submitted,

            **BURSOR & FISHER, P.A.**

            By:  */s/ Yeremey Krivoshey*
               Yeremey Krivoshey

            L. Timothy Fisher (State Bar No. 191626)
            Annick M. Persinger (State Bar No. 272996)
            Yeremey O. Krivoshey (State Bar No. 295032)
            1990 North California Blvd., Suite 940
            Walnut Creek, CA  94596
            Telephone: (925) 300-4455
            Email:  ltfisher@bursor.com
               apersinger@bursor.com
               ykrivoshey@bursor.com

            **BURSOR & FISHER, P.A.**
            Scott A. Bursor (State Bar No. 276006)
            888 Seventh Avenue
            New York, NY  10019
            Telephone: (212) 989-9113
            Facsimile:  (212) 989-9163
            E-Mail: scott@bursor.com

            *Attorneys for Plaintiff*